UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-CT-3106-BO

| | | |
|---|---|---|
| TIMOTHY R. DAVIS, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| EMILE PRINCE, et al., | ) | |
| Defendants. | ) | |

Timothy R. Davis, an inmate within the custody of North Carolina, filed this 42 U.S.C. § 1983 action. The matter is properly before the court for a frivolity determination pursuant to 28 U.S.C. § 1915(e)(2). A claim having no arguable basis in law or in fact may be dismissed as frivolous. Neitzke v. Williams, 490 U.S. 319 (1989). Plaintiff has also filed a motion to amend which is allowed and considered with the complaint (D.E. #5). Plaintiff has also filed a motion for appointment of counsel (D.E. # 6), motion for court ordered preliminary injunction (D.E. # 7), motion for leave to depose (D.E. # 10), and motion and campaign of harassment for an immediate court ordered injunction and transfer (D.E. # 12). He as also filed numerous letters with the court (D.E. # 14-17).

Plaintiff names five defendants and alleges excessive force, retaliation, and harassment while housed at Tabor Correctional Institution. The claims are ALLOWED to proceed against the named defendants.

The motions for preliminary injunction or temporary restraining order ("TRO") are denied (D.E. # 7 and 12). A court may grant a TRO without notice to the adverse party if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in

opposition." Fed. R. Civ. P. 65(b)(1)(A). When considering a request for injunctive relief, a court must consider: "(1) the likelihood of irreparable harm to the plaintiff if the preliminary injunction is denied, (2) the likelihood of harm to the defendant if the requested relief is granted, (3) the likelihood that the plaintiff will succeed on the merits, and (4) the public interest." Scotts Co. v. United Indus. Corp., 315 F.3d 264, 271 (4th Cir. 2002) (quotation omitted); see N.C. State Ports Auth. v. Dart Containerline Co., 592 F.2d 749, 750 (4th Cir. 1979); Blackwelder Furniture Co. v. Seilig Mfg. Co., 550 F.2d 189, 193–95 (4th Cir. 1977).

A TRO and preliminary injunction are "warranted only in the most extraordinary circumstances." Taylor v. Freeman, 34 F.3d 266, 270 n.2 (4th Cir. 1994). Plaintiff has failed to meet his burden of proof. Therefore, plaintiff's motions for a TRO and a preliminary injunction (7 and 12) are denied in the entirety.

The discovery motion is denied. The court does not intervene in the initial requests for the production of documents, affidavits, and other discovery material. Plaintiff must request the documents and admissions from the appropriate parties as required and outlined in the Federal Rules of Civil Procedure and Local Rules. Therefore, the motion seeking discovery (D.E. #10) is DENIED.

The motion for appointment of counsel is denied. There is no constitutional right to counsel in civil cases absent "exceptional circumstances." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975); Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. United States Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 300 n.3 (1989). The existence of exceptional circumstances depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant, 739 F.2d at 163 (quotation

omitted). The case does not appear to present exceptional circumstances and the motion is denied at this time (D.E. # 6).

Accordingly, the Clerk is DIRECTED to maintain management of the action as to these claims and defendants. However, the motions for preliminary injunction or temporary restating order are DENIED (D.E. # 7 and 12) in entirety; the motion to amend is ALLOWED (D.E. # 5); the motion for discovery is DENIED (D.E. # 10); and the motion for appointment of counsel is DENIED (D.E. # 6). Plaintiff is also WARNED to limit his filings to those which are necessary. Unnecessary and frivolous filings will impede judicial efficiency and the administration of justice.

SO ORDERED, this the 7 day of December 2011.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE